GARDEN, JUDGE:
These claims were heard on a consolidated basis because they involved factual situations that were almost identical. The claimant in each of these claims is an entity established pursuant to Chapter 28, Article 5B, of the Official Code of West Virginia of 1931, as amended, the “Prison-Made Goods Act of 1939.”
This organization’s primary purpose is to afford prisoners at the state prison in Moundsville with some means of occupying their time. At the prison the claimant organization produces clothing, license plates, paint, road signs, etc. and it also purchases tobacco in bulk and re-packages the same for re-sale. The claimant then sells these products to other state agencies.
In respect to Claim No. D-876a, in January, 1970, the respondent by purchase order ordered a quantity of smoking tobacco from claimant for delivery to the Huntington State Hospital. This tobacco was shipped at intervals, the final shipment being made in September of 1970, and claimant then on September 22, 1970 invoiced Huntington State Hospital for $1,268.50. Although the delivery of the tobacco and the invoice price were not disputed, the claimant’s invoice was not paid.
*20 In Claim No. D-876b, the respondent purchased both paint and tobacco from the claimant for delivery to the Spencer State Hospital. These items were ordered and shipped in June of 1970, and claimant invoiced Spencer State Hospital under date of June 30, 1970 for a total amount of $1,039.40 but has never received payment. Here again, no dispute arose as to the delivery or the invoice price.
No evidence was presented at the hearing to establish whether there were sufficient funds appropriated from which these invoices could have been paid during fiscal year ending June 30, 1970. However, the Deputy Attorney General subsequent to the hearing filed a memorandum with this Court clearly indicating that there were funds available in both the account of Huntington State Hospital and the account of Spencer State Hospital from which these claims could have been paid. Consequently, these are not claims which would have involved an over expenditure had they been paid. This is simply a case where the appropriated funds expired before the invoices reached the proper hands for payment.
We further believe that these claims should have been filed by the Commissioner of Public Institutions rather than by an entity within that State agency. However, we are treating these claims as requests for advisory determinations pursuant to Code 14-2-18 and thus we will make no formal award; however, we are of the opinion that there are legal claims against the respondent in the respective amounts of $1,268.50 and $1,039.40, and we recommend that the claims be paid.
The Clerk of this Court shall transmit copies of this Opinion to the proper parties within the Department of Public Institutions and Department of Mental Health.